FILED
RICHARD W. NAGEL
CLERK OF COURT

15 DEC 23 AM 10: 32

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. **1:15CR-129** |
| v. | : | INFORMATION |
| | : | **J. BARRETT** |
| TERRY JOHNSON, | : | 18 U.S.C. § 1347 |
| | : | 18 U.S.C. § 1957 |
| Defendant. | : | Forfeiture Allegation |

THE U.S. ATTORNEY CHARGES THAT:

### COUNT ONE
### 18 U.S.C. § 1347

1. Defendant **TERRY JOHNSON** is the owner and operator of a company called Community Angels Ambulance Service, LLC. Community Angels provided medical transportation services to dialysis patients from at least 2007 through 2012. **TERRY JOHNSON** also operated an ambulance company owned by his wife called Starlite Transportation, LLC that operated from 2007 through 2013.

2. At all relevant times, Defendant **TERRY JOHNSON** was a resident of the Southern District of Ohio, and Community Angels and Starlite Transportation were located in the Southern District of Ohio.

3. On or about 2007 through at least August 2012, Community Angels fraudulently billed Medicare and Medicaid programs for providing ambulance or "stretcher" transportation services when, in fact, the patients were not transported in an ambulance or by stretcher. Starlite also engaged in the same conduct from 2007 through 2013.

4. In addition, Community Angels and Starlite Transportation fraudulently billed Medicaid for ambulette transports when patients did not ride in a wheelchair during the transports in

1

violation of Medicaid requirements for payment.

5. The amount of the loss to Medicare for Community Angels is $1,088,502.90. The amount of loss to Medicaid for Community Angels is $321,803.70. The amount of loss to Medicaid for Starlite is $33,926.61.

6. On or about 2007 through 2013, in the Southern District of Ohio, the defendant **TERRY JOHNSON**, knowingly and willfully executed and attempted to execute the above-described scheme and artifice to defraud Medicaid, a health care benefit program as defined in Title 18, United States Code, Section 24(b), in connection with the delivery of and payment for health care benefits, items, and services.

All in violation of Title 18, United States Code, Section 1347.

## COUNT TWO
## 18 U.S.C. § 1957

7. Paragraph 1 through 6 above are restated and incorporated herein as if fully written.

8. On or about April 3, 2012, Defendant **TERRY JOHNSON** knowingly engaged in a monetary transaction in property that he knew was derived from the health care fraud scheme discussed above, namely, he transferred $16,000 from the Community Angels' account ending in x9288 to the Starlite Transportation account ending in x2574.

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATION 1

Upon conviction of one or more of the offense alleged in Count 1 (health care fraud) of this Information, defendant **TERRY JOHNSON**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations, including but not limited to a sum of money equal to

$1,444,233.21, representing the amount of proceeds obtained as a result of the offense, 18 U.S.C. § 1347, health care fraud.

All in accordance with 18 U.S.C. § 982(a)(7), and Rule 32.2(a), Federal Rules of Criminal Procedure.

## FORFEITURE
## SUBSTITUTE ASSETS

If any of the property described above in Forfeiture Allegation 1, as a result of any act or omission of the defendant, **TERRY JOHNSON**:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C.§ 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

All pursuant to 18 U.S.C. § 982(a)(7) and 28 U.S.C. § 2461(c).

**CARTER M. STEWART,**
**United States Attorney**

_Emily N. Glatfelter_ (signature)

**EMILY N. GLATFELTER**
**Cincinnati Branch Chief**